**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL A. LUNA,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-144 Erie |
| | ) | |
| v. | ) | |
| **SHAWN MASSY, et al,** | ) | Magistrate Judge Richard A. Lanzillo |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.     Introduction**

Plaintiff Michael A. Luna ("Luna" or "Plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing a *pro se* motion to proceed *in forma pauperis* on May 18, 2018. ECF No. 1. Luna's motion was granted on June 12, 2018, and his Complaint was docketed that same day. ECF Nos. 10, 11. Luna subsequently filed an Amended Complaint (ECF No. 12) and a Second Amended Complaint (ECF No. 29).

Defendant John Garhart ("Judge Garhart") filed a Motion to Dismiss on October 10, 2018. ECF No. 32. The other Defendants - Donald Claypoole, Joseph Streyle, Scott Zinram, Charles Barker, and Jarret Hyrniczuk (collectively, the "Police Defendants") – filed a Motion to Dismiss on October 19, 2018. ECF No. 34. Luna filed his response in opposition to each motion on January 2, 2019. ECF Nos. 54, 55. Luna also filed a Motion for Summary Judgment on that same date. ECF No. 55. In addition, Plaintiff has filed several motions seeking default judgment against each Defendant (ECF Nos. 49, 51, 52) and a motion to correct error on record (ECF No.

1

50). Each motion is ripe for review.[1] For the reasons discussed below, the Court will grant Judge Garhart's Motion to Dismiss and the Police Defendants' Motion to Dismiss and deny Luna's motions.

## II. Factual Background

Luna's original Complaint stated that he was visiting his grandmother in Erie, Pennsylvania on May 19, 2015, when her house caught on fire. ECF No. 11 at 5. Luna, a California resident, averred that police officers searched his grandmother's home after the fire, "seized various items," and made a "wrongfull [sic] arrest" that caused him to serve "roughly 11 months of wrongful imprisonment." Id. He generally alleged that, because "proper due process wasn't followed," his search, seizure, arrest, and imprisonment were illegal. Id. Luna named the Pennsylvania State Police, Trooper Shawn Massy, and Trooper Linda Stevick as defendants. Id. at 2-3.

Luna filed an Amended Complaint on June 18, 2018. ECF No. 12. Luna's amended pleading removed the Pennsylvania State Police and substituted the individual Police Defendants and Judge Garhart as defendants. ECF No. 12. His Amended Complaint did not include any factual allegations or identify any of the new defendants; rather, it simply stated that the new defendants "are guilty of taking part in the acts of prior complaint" with the exception of Judge Garhart, who "acknolodged [sic] the illegal events in court and did not correct it." Id. As relief, Luna requested a restraining order and the seizure of all assets of each of the Defendants. Id.

On September 27, 2018, Luna, without seeking leave of court, filed a Second Amended

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. See ECF Nos. 2, 20.

Complaint. ECF No. 29. The only individual referenced in that document is Judge Garhart, who Luna accused of "act[ing] in his Officul [sic] Capacity without authority in clear absence of all Jurisdiction" by presiding over several pre-trial hearings in the criminal action initiated in the Erie County Court of Common Pleas after Luna's arrest. Id. at 2.

A review of the docket of Luna's criminal case reveals that he was arrested on June 18, 2015, and charged with various counts of drug possession.[2] ECF No. 22-1 at 1. Judge Garhart presided over three pre-trial hearings in Luna's case: a pre-trial conference on January 8, 2016; a suppression hearing on January 26, 2016; and a continuation of the suppression hearing on February 8, 2016. Id. at 4-6. Luna was ultimately tried before Judge William Cunningham, a non-defendant, on March 23, 2016. ECF No. 22-1 at 1-2, 6. That trial resulted in a verdict of "not guilty" as to all four criminal counts. Id.

### III.    Standards of Review

#### A. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

---

[2] Because the criminal docket is a matter of public record, the Court may consider that document without converting Defendants' motions to dismiss into motions for summary judgment. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Basile v. Township of Smith, 752 F.Supp.2d 643, 648 n. 4 (W.D. Pa. 2010) (observing that common pleas court dockets are the type of public record that can be considered on a motion to dismiss without conversion).

3

555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

### B. Motion to dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in Conley v. Gibson, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. Twombly, 550 U.S. at 555.

A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounded on the Twombly/Iqbal line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

While, as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." In re Rockefeller Ctr. Props. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider: (1) exhibits that

5

are attached to the complaint; (2) matters of public record; and (3) any "document *integral to or explicitly relied upon* in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)) (emphasis in original).

### IV. Analysis

#### A. Pleading Irregularities

Luna has filed three pleadings in this action: his original Complaint, his Amended Complaint (filed in response to Judge Garhart's motion to dismiss), and a proposed Second Amended Complaint. As a matter of procedure, the operative pleading is the Amended Complaint filed on September 27, 2018. See ECF No. 29. Because Luna filed that amendment within 21 days "after service of a motion under Rule 12(b)," the Federal Rules of Civil Procedure permitted him to amend his pleading without seeking leave of court. See Fed. R. Civ. P. 15(a)(1)(B) (permitting a single amendment as a matter of course in response to a 12(b) motion). However, that document does not "stand[] by itself as an adequate complaint without reference to the complaint already filed." Williams v. Ferdarko, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018) (quoting Young v. Keohane, 809 F.Supp. 1185, 1189 (M.D. Pa. 1992)). See also Joey's Auto Repair & Body Shop v. Fayette County, 2018 WL 2022081, at *1 (W.D. Pa. May 1, 2018) (noting that "[a]n amended complaint 'supersedes the original and renders it of no legal effect.'") (quoting West Run Student Hous. Assocs., LLC v. Huntingdon Natl. Bank, 712 F.3d 165, 171 (3d Cir. 2013)). Rather, as discussed above, Luna's Amended Complaint simply lists the names of several individuals and states that they each participated in the same misconduct described in the original Complaint. This is procedurally improper. Williams, 2018

WL 3653272, at *1 n. 1 (noting that an amended complaint "must be complete in all respects").

Matters are further complicated by Luna's filing of a Second Amended Complaint without seeking leave of court. Pursuant to Rule 15(a)(2), a party must obtain written consent from the opposing party or leave of court before he may amend his pleading for a second time. Although leave should be "freely granted," Foman v. Davis, 371 U.S. 178, 182 (1962), Luna has failed to request leave. Moreover, his latest amendment references only a single defendant, Judge Garhart. "Because an amended complaint supersedes the original, 'parties voluntarily dropped from an amended complaint do not remain in the case.'" Mullin v. Balicki, 875 F.3d 140, 156 (3d Cir. 2017) (quoting Palakovic v. Wetzel, 854 F.3d 209, 221 n. 13 (3d Cir. 2017)). Thus, substitution of the Second Amended Complaint as the operative pleading would result in Luna's claims against the Police Defendants being deemed abandoned. Id. at 156-57 (noting that claims against parties who have been voluntarily dropped from an action are abandoned).

For present purposes, the Court is mindful that, because Luna is proceeding *pro se*, a certain degree of procedural imprecision should be overlooked. Haines, 404 U.S. at 520-521 (*pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers"). The Court also finds that his allegations, no matter how or against whom they are presented, fail to state a claim as a matter of law. Consequently, the Court will address Luna's claims against all Defendants as an amalgamation of his various pleadings for purposes of resolving the pending motions.[3]

### B. Statute of Limitations

In their motions, Defendants primarily contend that Luna's claims should be dismissed as

---

[3] On November 29, 2018, Plaintiff filed a motion seeking copies of each of his pleadings so that he could organize them into a single, integrated complaint. ECF No. 48. Because the Court intended to overlook Plaintiff's pleading irregularities in deciding the pending motions to dismiss, the Court denied that motion prior to issuing this opinion. ECF No. 53.

untimely. The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose, which in Pennsylvania is two years. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)); 42 Pa. Cons. Stat. § 5524(2). Where the viability of a statute of limitations defense can be discerned from the complaint, dismissal pursuant to Rule 12(b)(6) is appropriate. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994).

A review of Luna's pleadings reveals that each of the alleged constitutional violations occurred over two years before he initiated this action. His grandmother's home was searched on March 19, 2015. Luna was arrested on June 18, 2015, and his criminal trial concluded on March 23, 2016. Judge Garhart conducted the "illegal" pre-trial hearings in January and February of 2016. Because Luna did not initiate this action until May 18, 2018, any constitutional claim based on those incidents falls well outside of the statutory limitations period and must be dismissed.

### C. Eleventh Amendment Immunity

Even if Luna's claims were timely, his allegations against Judge Garhart are independently barred by the immunity afforded to the states by the Eleventh Amendment. It is axiomatic that the Eleventh Amendment bars suits against a state.[4] Alabama v. Pugh, 438 U.S. 781, 781-82 (1978). As a common pleas judge, Judge Garhart is considered to be an arm of the Commonwealth of Pennsylvania and is entitled to Eleventh Amendment immunity with respect to any claims against him in his official capacity. Van Tassel v. Lawrence Co. Domestic Relations Section, 659 F.Supp.2d 672, 676-82 (W.D. Pa. 2009), *aff'd*, 390 Fed. Appx. 201

---

[4] Although a state may expressly waive Eleventh Amendment immunity, "Pennsylvania has not waived its immunity from suit in federal court." See Toth v. California Univ. of Pennsylvania, 844 F.Supp.2d 611, 648 (W.D. Pa. 2012) (citing 42 Pa.C.S.A. § 8521(b)). Nor did Congress intend to abrogate the traditional sovereign immunity afforded to the states by enacting 42 U.S.C. § 1983. Id. at 648.

8

(2010) (recognizing that Pennsylvania common pleas judges are entitled to Eleventh Amendment immunity with respect to official capacity claims).

To the extent that Luna asserts a monetary claim against Judge Garhart in his individual capacity, "[i]t is a well-settled principle of law that judges are generally immune from a suit for money damages." Figueroa v. Blackburn, 208 F.3d 435, 440 (3rd Cir. 2000) (internal quotations omitted). Such immunity can only be overcome if the judge's actions are "nonjudicial in nature, or where such actions, while judicial in nature, are taken in the complete absence of all jurisdiction." Van Tassel, 659 F.Supp.2d at 695 (internal quotation omitted). Luna's allegations concern actions taken by Judge Garhart while presiding over a criminal action in the Erie County Court of Common Pleas, and each of the alleged actions – such as conducting a pre-trial hearing, a suppression hearing, and refusing to dismiss Luna's criminal prosecution – is a fundamental judicial act that falls squarely within the jurisdiction of a Pennsylvania common pleas judge. See, e.g., 42 Pa. Cons. Stat. § 931(a) ("the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas"); Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000) (explaining that the act of ordering a person to prison is a "paradigm judicial act"); Muhammad v. Cappellini, 2013 WL 1249029, at *3 (M.D. Pa. Mar. 27, 2013) (judicial acts include issuing orders, making rulings, and conducting hearings). Accordingly, Luna's claims against Judge Garhart in his individual capacity must also be dismissed.[5]

---

[5] To the extent that Luna appears to suggest that Judge Garhart acted in the absence of jurisdiction because Luna is not a resident of Pennsylvania, that claim is plainly frivolous. See, e.g., Washington v. Sobina, 475 F.3d 162, 165 (3d Cir. 2007) (noting that Pennsylvania state trial courts "have subject matter jurisdiction over criminal proceedings by virtue of *prima facie* evidence that a violation of Pennsylvania's criminal code occurred within the county of trial").

#### D. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

In the instant case, Luna has already had one opportunity to amend his pleadings. ECF No. 12. His proposed Second Amended Complaint does not correct any of the deficiencies identified in his prior pleadings and is based entirely on incidents that fall well outside of the applicable statutory limitations period. Moreover, his claims against Judge Garhart are barred by the Eleventh Amendment. In light of these incurable deficiencies, further leave to amend would be futile. Blackstone v. Richter, 2013 WL 4766761, at *7 (W.D. Pa. Sept. 4, 2013) ("Because Plaintiff was previously informed that his original complaint was deficient, and he filed an Amended Complaint, the Court is not required to provide him with further leave to amend.") (citing Shelley v. Patrick, 481 Fed. Appx. 34, 36 (3d Cir. 2012)).

#### E. Miscellaneous Motions

Plaintiff has filed three separate motions seeking default or default judgment against the Defendants. ECF Nos. 49, 51, 52. Contrary to Plaintiff's representation, Defendants have participated in this action by responding to Plaintiff's various pleadings and filing meritorious responsive motions. Federal Rule of Civil Procedure 55 requires entry of default only where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Such is not the case here. Plaintiff's motions for default will be denied.

Moreover, because this action will be dismissed for failure to state a claim upon which relief can be granted, Plaintiff's motion to correct the record and motion for summary judgment will each be denied as moot.[6]

## V.     CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss (ECF Nos. 32, 34) are each GRANTED. Plaintiff's Motion for Summary Judgment (ECF No. 55), motions for default and default judgment (ECF Nos. 49, 51, 52) and motion to correct the record (ECF No. 50) are each DENIED. This action is dismissed, with prejudice, and the Clerk of Courts is directed to mark this case CLOSED.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: January 4, 2019

---

[6] In addition to being moot, Plaintiff's motion for summary judgment failed to comply with Local Rule 56.1 which requires a party seeking summary judgment to submit a statement of uncontested facts containing numerically numbered paragraphs and citations to the record. Moreover, a district court is "rarely justified in granting summary judgment" prior to the close of discovery. Doe v. Abington Friends Sch., 480 F.3d 252, 25 (3d Cir. 2007). Thus, even if this action had survived Defendants' Rule 12(b)(6) challenge, Plaintiff's summary judgment motion would be premature.

11